IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEMITA J. BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16cv101-SRW |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER[2]

Plaintiff Jemita A. Brooks commenced this action on February 16, 2016, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying her application for disability, disability insurance benefits, and Supplemental Security Income. *See* Doc. 1; Doc. 14; R. 24. Plaintiff alleged disability as of June 5, 2012 due to "[l]upus, joint pain, back problems, skin problems, kidney [problems]" and "high blood pressure." R 219. On July 11, 2014, Administrative Law Judge Renita Barnett-Jefferson ("the ALJ") issued an adverse decision.[3] *See* R. 24-30. The

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security, as the defendant in this lawsuit. **The Clerk of Court is DIRECTED to take the appropriate steps to reflect this change on the docket sheet.**

[2] For the purposes of this appeal, the court uses the Code of Federal Regulations ("C.F.R.") that was effective until March 27, 2017, as that was the version of the C.F.R. in effect at the time of the ALJ's decision and the filing of this appeal.

[3] Plaintiff was represented by counsel at the hearing before the ALJ. *See* R. 24.

1

Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. *See id.* at 1-3.

In the instant appeal, the plaintiff requests that the court remand this cause to the Commissioner under sentence four of § 405(g). *See* Doc. 14. This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge. *See* 28 U.S.C. § 636(c). *See* Doc. 11, 12. For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be remanded.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, this court is prohibited from reviewing the Commissioner's findings of fact *de novo*, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether the claimant has a severe impairment;

> (3) whether the claimant's impairment meets or equals an impairment listed by the Commissioner;
>
> (4) whether the claimant can perform his or her past work; and
>
> (5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to a formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## DISCUSSION

The ALJ found that the plaintiff suffers from the severe impairments of lupus, hypertension, obesity, and myalgias (muscle aches). *See* R. 26. Also, the ALJ noted that the plaintiff has the non-severe impairments of presbyopia and diminished vision that is correctable. *See id.* The ALJ concluded that the plaintiff does not have an impairment or combination of impairments that meet or medically equal a listed impairment. *See id.* at 27. As she must, the ALJ considered all of the plaintiff's impairments individually and collectively "in determining the [plaintiff's] residual functional capacity" ("RFC"). *Id.*

4

The ALJ made the following RFC determination:

> [T]he [plaintiff] has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally push and pull foot and hand controls with the left and right extremities. She can frequently reach overhead and in all other directions, handle, and finger. She can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. The [plaintiff] can frequently balance, but never climb ladders or scaffolds. She is restricted from hazards such as unprotected heights or moving mechanical parts. She can see large items and is able to avoid ordinary hazards in the workplace, such as boxes on the floor, doors ajar, or approaching people or vehicles. The [plaintiff] is limited to simple, routine, and repetitive tasks.

*Id.* at 27. At step four, the ALJ found that the plaintiff can perform her past relevant work as a manufacturer's helper and assembler. *See* R. at 29. The ALJ's findings resulted in a determination that the plaintiff is "not disabled." *Id.* at 31.

The plaintiff's multiple arguments in favor of remand are based upon two general contentions: (1) the ALJ erred at step four, and (2) the ALJ improperly discredited plaintiff's subjective testimony about the severity of her impairments. *See* Doc. 14. One of the plaintiff's arguments regarding the ALJ's assessment at step four is that the ALJ erred as a matter of law because she did not resolve a conflict between the Vocational Expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT"). *See* Doc. 14 at 7-8. Because remand is appropriate based on this argument, the court does not address the plaintiff's remaining assertions in favor of remand.

Social Security Ruling 00-4P "emphasizes that before relying on VE or VS evidence to support a disability determination or decision, [an ALJ] must: Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles (DOT)[.]" SSR 00-4P,

2000 WL 1898704, at *1 (S.S.A. Dec. 4, 2000). If a VE "provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT." *Id.* at *4. The ALJ must resolve the conflict before relying on a VE's testimony on the ultimate issue of disability. *See id.*

"Social Security Rulings are agency rulings 'published under the authority of the Commissioner of Social Security and are binding on all components of the Administration.'" *Ward v. Astrue*, 2012 WL 607642, at *11 (M.D. Ala. Feb. 27, 2012) (quoting *Leonard v. Astrue*, 487 F.Supp.2d 1333, 1339 (M.D. Fla. 2007) (citing, in turn, *Sullivan v. Zebley*, 493 U.S. 521, 531 n. 9 (1990)). In *Leonard*, the court noted that the Eleventh Circuit has not addressed SSR 00-4P, and held that

> when an apparent conflict between the [VE's testimony and the DOT] arises, the SSR directs that the ALJ must elicit a reasonable explanation for the conflict before relying on the VE's testimony. Moreover, the ALJ is obligated to inquire on the record as to whether there are any inconsistencies between a VE's testimony and the DOT. In addition, before the ALJ can rely on the VE's testimony as substantial evidence for his or her determination, he or she must resolve any conflict between the VE's testimony and the DOT. SSR 00–4P provides that "[t]he adjudicator will explain in the determination or decision how he or she resolved the apparent conflict." It also indicates that "[t]he adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified."

*Leonard*, 487 F. Supp. at 1338-39 (internal marks and citations omitted). The *Leonard* Court recognized that similar interpretations of SSR 00-4P have been adopted in the Tenth and Third Circuits. *See id.* (citing *Hackett v. Barnhart*, 395 F.3d 1168, 1174–75 (10th Cir. 2005); *Rutherford v. Barnhart*, 399 F.3d 546, 557 (3d. Cir. 2005)).

6

In the instant case, during the VE's very brief testimony, the ALJ did not ask the VE if there are any inconsistencies between his testimony and the DOT. *See* R. 66-67. The VE testified that, "The manufacturing position, Your Honor, per the DOT, is medium. My testimony was that the DOT categorized it as medium, but as described by the [plaintiff] and in the record … it appears to have been performed at the light exertional level." R. 67. The ALJ also did not ask the VE, on whose testimony she relied at step four and in reaching an adverse disability determination, to resolve the conflict between his testimony and the DOT. *See* R. 66-67. Furthermore, the ALJ does not explain or even acknowledge the conflict in her written decision. To the contrary, the ALJ inaccurately represents the VE's testimony in her finding that "[t]he vocational expert testified that the evidence provided did not conflict with information contained in the DOT (SSR 00-4P)." R. 30.

This court is persuaded that the holding of *Leonard* is an accurate representation of an ALJ's duties under SSR 00-4P, and the ALJ in this case did not perform those duties. Thus, the ALJ's step four findings and disability determination are not based on substantial evidence and proper legal standards were not employed. *See Leonard*, 487 F. Supp. at 1338-39. Under the circumstances, the court must remand this matter for additional proceedings. *See Cornelius*, 936 F.2d 1143, 1145-46 (a district court must reverse when correct legal standards were not applied by the Commissioner).

## CONCLUSION AND ORDER

Accordingly, for the reasons discussed, the decision of the Commissioner will be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) by separate judgment so that the Commissioner can conduct additional proceedings consistent

7

with this opinion. The court does not reach plaintiff's arguments that are not expressly discussed herein. The court expects that the Commissioner will consider plaintiff's arguments as to those issues on remand as well, and will develop the record as is necessary in areas not expressly considered in this opinion.

DONE, on this the 29th day of September, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge